UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDERSON CHARLES, et al.,                               MEMORANDUM AND ORDER
                Plaintiffs,
        -against-                                         11-CV-0980 (KAM) (JO)
THE CITY OF NEW YORK, et al.
                Defendants.
-----------------------------------------------------------------X

James Orenstein, Magistrate Judge

      Plaintiffs Anderson Charles and Jermaine Charles bring this action under 42 U.S.C. § 1983 arising from their arrests inside their shared apartment. The plaintiffs seek to compel the defendants to disclose, notwithstanding an assertion of privilege, certain documents relating to the arrests at issue (as well as the related arrest of the plaintiffs' father) contained in a file maintained by the Internal Affairs Bureau (the "IAB") of the New York City Police Department. Docket Entry ("DE") 24 (Motion). For the reasons set forth below, I grant the motion in part and deny it in part.

      The plaintiffs seek disclosure of items 2, 3, 9, 10, 13, and 23 in the defendants' privilege log. *See* Motion Ex. 1 (the "Log").[1] In their response, the defendants have consented to disclose items 10 and 23, as well as portions of item 13 pursuant to an agreement with the plaintiffs. DE 26 (defendants' opposition) ("Opp.") at 2. Moreover, the defendants offer no argument with respect to item 9, and I therefore deem them to have consented to that portion of the motion. The dispute has thus been narrowed to items 2 and 3 of the Log; namely, the IAB investigating officer's reports and his supervisor's case review memos. The defendants assert that these documents are protected from disclosure only because they fall within the deliberative process privilege; they do not contend that there is any other basis to resist disclosure. *See* Opp. at 1-2.

---

[1] The plaintiffs' motion is ambiguous with respect to item 5 in the Log. The plaintiffs have submitted arguments supporting the disclosure of specific items in the Log as well as a list of other items they explicitly do not seek to compel. Item 5 is mentioned in neither the specific arguments nor the list. In the absence of any argument as to why item 5 should be disclosed, I assume the plaintiffs intended to include it in the list of items for which they seek no relief.

The deliberative process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Tigue v. United States DOJ*, 312 F.3d 70, 76 (2d Cir. 2002). To qualify for protection under the deliberative process privilege, a document must be both "predecisional" and "deliberative." *Tigue*, 312 F.3d at 76; *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999). A document is deliberative when it is "actually … related to the process by which policies are formulated." *Grand Cent. P'ship, Inc.*, 166 F.3d at 482. A document is predecisional "when it is prepared in order to assist an agency decisionmaker in arriving at his decision." *Tigue*, 312 F.3d at 80 (internal quotation marks and citations omitted). The document must have been created to assist the agency in the formulation of a specific decision on policy rather than "part of a routine and ongoing process of agency self-evaluation." *Id*.

In contrast, measuring compliance with existing procedures is not predecisional, and thus is not privileged. *See*, *e.g.*, *Velez v. City of New York*, 2010 WL 2265443, at *3 (E.D.N.Y. June 2, 2010); *Powell v. New York City Health & Hosps. Corp.*, 2003 WL 22871908, at *1 (S.D.N.Y. Dec. 4, 2003); *Tortorici v. Goord*, 216 F.R.D. 256, 258 (S.D.N.Y. 2003); *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 97 (S.D.N.Y. 2000). "The privilege … does not extend to 'purely factual, investigative matters' nor 'factual observations.'" *Pearson v. City of New York*, 2009 WL 3247433, at *2 (E.D.N.Y. Oct. 6, 2009) (quoting *EPA v. Mink,* 410 U.S. 73, 89, 93 (1973)).

A number of courts have held that the deliberative process privilege does not preclude the disclosure of documents concerning internal affairs investigations in civil rights suits against law enforcement agencies. *See*, *e.g., Velez,* 2010 WL 2265443 at *3-5; *Nat'l Cong. for Puerto Rican*

*Rights*, 194 F.R.D. at 95; *Morrissey v. City of New York*, 171 F.R.D. 85, 89 (S.D.N.Y. 1997); *see also Mercado v. Div. of New York State Police*, 989 F. Supp. 521, 523 n.5 (S.D.N.Y. 1998) (noting that the deliberative process privilege "does not concern personnel decisions by law enforcement agencies."). "The Privilege is properly limited to communications relating to policy formulation at the higher levels of government; it does not operate indiscriminately to shield all decision-making by public officials." *Scott v. Bd. of Educ. of City of East Orange*, 219 F.R.D. 333, 337 (D.N.J. 2004); *see Morrissey,* 171 F.R.D. at 89 ("[The] decisions [of local law enforcement agencies] are simply not the type of important public policies whose creation the privilege was designed to protect.") (citing *Kelly v. San Jose*, 114 F.R.D. 653, 657 (N.D. Cal. 1987). "Routine operating decisions cannot be transformed into policy formulation at the higher levels of government simply because they are made at public institutions." *Torres v. City Univ. of New York*, 1992 WL 380561, at *7 (S.D.N.Y. Dec. 3, 1992) (internal quotation ommitted).

      The defendants assert that the IAB documents at issue here are privileged because they contain predecisional analysis and supervisory recommendations regarding the IAB investigation. However, having reviewed the documents *in camera*, I conclude that the documents in dispute do not contain the sort of deliberative communications underlying the formation of public policy that the deliberative process privilege is designed to protect. Notably, most of the information contained in the documents is purely factual in nature, consisting of recitations of facts gleaned from police paperwork and witness interviews, as well as the investigating officer's narrative of his investigation and his supervisor's recommendations regarding further investigative steps to be taken. Such factual and investigative information is not protected by the deliberative process privilege. *See Pearson*, 2009 WL 3247433 at *2; *Hopkins*, 929 F.2d at 84.

More fundamentally, the deliberative process privilege does not apply here because the documents were not created to assist a governmental agency in the formulation of a specific decision on policy. *See Tigue*, 312 F.3d at 80; *Hopkins*, 929 F.2d at 84; *see also Mink*, 410 U.S. at 87. Rather, they were created as part of a routine process to determine whether disciplinary action was warranted against the defendant officers based on their failure to follow police department policies and procedures. "These recommendations concerning disciplinary review of a discrete incident do not involve the policy formulations protected under the deliberative process privilege." *Velez,* 2010 WL 2265443 at *4; *see Nat'l Cong. for Puerto Rican Rights*, 194 F.R.D. at 95; *Morrissey*, 171 F.R.D. at 85, 89. Accordingly, I conclude that the defendants may not withhold items 2 and 3 of their defendants' Log pursuant to the deliberative process privilege.

For the reasons set forth above, I grant in part and deny in part the motion to compel; specifically, I order the defendants to produce the documents listed as items 2, 3, and 9 of the defendants' privilege log and deny the motion as moot with respect to items 10, 13, and 23.

SO ORDERED.

Dated: Brooklyn, New York
November 18, 2011

                                                                        /s/
                                                 JAMES ORENSTEIN
                                                 U.S. Magistrate Judge